WILL OF KEITH: HONECK, Administrator, Appellant, vs. PROFFIT and another, Respondents.

*September 13—December 5, 1933.*

For the appellant there was a brief by *James J. Kerwin* and *Gerald H. Kops,* attorneys, and *Stewart G. Honeck, Jr.*

of counsel, all of Milwaukee, and oral argument by *Mr. Kerwin* and *Mr. Honeck.*

For the respondents there was a brief by *Patrick W. Dean,* attorney, *Norman R. Klug* of counsel, and *Alfred H. Handrich,* guardian *ad litem* for unknown heirs, etc., all of Milwaukee, and oral argument by *Mr. Dean* and *Mr. Handrich.*

The following opinion was filed October 10, 1933:

FRITZ, J.  The instrument offered for probate was in the handwriting of the alleged testator, and his signature thereto was genuine, but it did not have the customary attestation clause.  Instead, to the left of the testator's signature there was merely the word "Witnessed," and under that there were the genuine signatures of Thos. G. Traeumer, James G. Harden, and Al. J. Lynch.  Objections to the probate of the instrument were filed on the ground that it was not executed in the manner prescribed by law.  On the hearing for the probate of the instrument, the objectors contended that the proponents did not meet the burden of proof, which rests upon them (1 Page, Wills (2d ed.) p. 1110; Gary, Wisconsin Probate Law (4th ed.) p. 138), to establish that at least two of the persons who signed as witnesses, attested and subscribed in the presence of the testator and in the presence of each other, as required by sec. 238.06, Stats., which so far as here material is as follows:

"No will made within this state since the first day of January, 1896, . . . shall be effectual to pass any estate, . . . unless it be in writing and signed by the testator, . . . and attested and subscribed in the presence of the testator by two or more competent witnesses in the presence of each other; . . ."

Since the enactment of that statute, each subscribing witness must sign in the presence of the testator and in the presence of each other, or there is no valid execution of an

instrument as a will. *Will of Garrecht,* 195 Wis. 596, 599, 219 N. W. 378.

The trial court found that Charles Keith, the alleged testator, did not sign the instrument in the presence of Thos. G. Traeumer, James G. Harden, and Al. J. Lynch; and that the three last named persons did not attest or subscribe their names in the presence of Keith or in the presence of each other. Upon the facts found, the trial court concluded that the instrument was not executed in the manner and form prescribed by law and denied probate thereof. Unless those findings are against the great weight or clear preponderance of the evidence, we are not warranted in disturbing them. *Interior Woodwork Co. v. Buhler,* 207 Wis. 1, 6, 238 N. W. 822.

The subscribing witness Harden had died before the trial, and the only testimony was that of the subscribing witnesses Traeumer and Lynch. Their testimony was substantially, and without conflict, to the following effect: On December 10, 1926, the date of the instrument, Keith was undersheriff of Milwaukee county, and Traeumer and Lynch were, respectively, chief clerk and senior clerk bookkeeper in the sheriff's office. Traeumer and Lynch worked at the same counter, and it was the custom, when the sheriff, the undersheriff, or attorneys required witnesses to their documents, for both Lynch and Traeumer to sign. As a general rule when the undersheriff, or an attorney, brought any in, as far as witnesses were concerned, Traeumer would sign, or Lynch would sign, then he would sign it, and one of them would acknowledge it when it required a notary's signature. However, both Traeumer and Lynch testified that they had no recollection of the instrument in suit, or of signing it, or being told by Keith that it was his will, or asked by him to sign it, or of any circumstances surrounding it; or of ever signing a will for any party. Traeumer thinks he would probably have remembered the incident if Keith had told

him that it was his will or had asked him to sign it. Lynch has no recollection of Keith's signing in his presence or seeing Harden or Traeumer sign, or that they were present or saw Lynch sign. Both Traeumer and Lynch were wholly disinterested, and there is no occasion to question their integrity or their testimony that they had no recollection of the incidents attendant at their signing, although the transaction occurred but six years ago.

Under these circumstances the trial court was warranted in believing that, if Keith had declared in the presence of the subscribing witnesses that the instrument was his will, and had asked them to attest and subscribe in his presence, and in the presence of each other, Traeumer and Lynch would have had some recollection thereof, and would have testified accordingly. That being true, and with the burden of proof upon the proponents, we cannot hold that the findings are against the clear preponderance of the evidence. Although the word "Witnessed," above the signatures of Traeumer, Harden, and Lynch, may warrant the presumption that Keith had signed or at least acknowledged his signature in the presence of each of the subscribing witnesses, that word alone does not imply, or admit of the inference, that all of the other conditions essential to the valid execution of a will, by reason of sec. 238.06, Stats., existed as required.

Cases in this or other jurisdictions which were decided under statutes which did not expressly require that the witnesses must attest and subscribe in the presence of the testator, and also in the presence of each other, or in which the instrument in question had an attestation clause which recited compliance with all statutory requirements for the valid execution of a will, are not in point.

*By the Court.*—Order affirmed.

A motion for a rehearing was denied, without costs, on December 5, 1933.